**AMERICAN ENERGY RESTAURANT EQUIPMENT, INC., Appellee,**

v.

**Edward P. CAMUS and University Seafood Market & Deli, Inc., Appellants.**

No. 02–7089.

United States Court of Appeals, District of Columbia Circuit.

June 6, 2003.

Before GINSBURG, Chief Judge, and ROGERS and TATEL, Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This case was considered on the record from the United States District Court for the District of Columbia and the briefs of the parties. It is

**ORDERED** and **ADJUDGED** that the judgment of the district court is affirmed. In this diversity action involving payment for delivery of restaurant equipment, the only issue on appeal is whether the district court properly granted summary judgment for the plaintiff, and the only critical question is whether, as required by a settlement agreement, the plaintiff requested to remove the equipment from the defendant's premises within thirty days of March 9, 1995. In granting summary judgment for the plaintiff, the district court relied upon a letter dated March 17, 1995 from plaintiff's counsel requesting defendant's permission to remove the equipment. Although plaintiff's counsel had earlier testified that he had failed to "call" defendant's counsel during the thirty-day period and although an officer of the plaintiff company had earlier testified that the company had not, "to [his] knowledge," requested permission to remove the equipment, this testimony cannot impeach written evidence–whose authenticity the defendant did not contest below–and it is not, at any rate, directly contradictory.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of

the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. RULE 41.